**Bill ROBERTS, Appellant,**

v.

**Richard SCHWEIKER, Secretary of Health & Human Services, Appellee.**

**No. 81–1311.**

United States Court of Appeals, Fourth Circuit.

Argued July 14, 1981.

Decided Dec. 30, 1981.

**1144**

Stewart Ellis Hankins, Frank B. Gibson, Jr., Murchison, Fox & Newton, Southport, N. C., on brief for appellant.

James L. Blackburn, U. S. Atty., Abraham Penn Jones, Asst. U. S. Atty., Raleigh, N. C., Thomas Matthew Clare, Third Year Law Student, on brief for appellee.

Before PHILLIPS, MURNAGHAN and SPROUSE, Circuit Judges.

PER CURIAM:

Bill Roberts appeals from a judgment of the district court affirming a final decision of the Secretary of Health and Human Services (Secretary) that denied the claim of Roberts' deceased wife (for whom he was substituted as claimant) for social security disability benefits. We vacate and remand because of the Secretary's misapplication of regulations governing the use of certain tables or "grids" by which conclusions respecting disability are directed for various combinations of vocational factors and residual functional capacities of claimants.

I

The original claimant, Ruth B. Roberts, filed her application for disability benefits in August 1977, claiming disability as of March 31, 1972 (the date she last met the special earnings requirement) because of respiratory and other impairments. The claim was denied initially, again upon reconsideration, and then again by decision of an Administrative Law Judge (ALJ) in July 1978. The ALJ found that claimant was not disabled within contemplation of the Social Security Act as of the critical date. While there was ample evidence of disability from October 1974, the ALJ noted that there was only one pulmonary function study in 1972 from which disability at the critical date might have been found and that it did not meet the technical requirements of 20 C.F.R. Subpart P, Appendix 1, 3.02. (The 1981 recodification did not affect this section.) Included in the record before the ALJ but apparently not considered were certain United States Naval Hospital in-patient and outpatient medical records of the claimant prepared during the period 1967–1973. The ALJ's decision became the final decision of the Secretary when it was affirmed on appeal by the Appeals Council in September 1978.

After claimant brought an action for judicial review in the district court, the case was remanded to the Appeals Council on motion of the Secretary and with claimant's consent for consideration of additional evidence including the Naval Hospital records. On this remand the Appeals Council admitted the statement of a non-examining physician in which he gave his opinion, based upon an examination of the medical records, that claimant was capable of sedentary and light exertion as of the critical date. Also admitted was a written opinion of her examining physician, based upon his post-critical date clinical examinations and the same medical records, that she was disabled on the critical date for any "but the most sedentary work in the most controlled environment, i. e., she could not perform even sedentary type of work if it involved any exposure to any lints, or in any other way, irritating substances."

In April 1980 the Appeals Council again denied the claim on the basis of its consideration of the record as supplemented by the additional evidence of her medical record and the two physicians' opinions. The evidence was evaluated under the new disability regulations governing the evaluative process that had become effective in February 1979. *See Hall v. Harris*, 658 F.2d 260 (4th Cir. 1981). The Appeals Council's critical findings were that as of the critical date "claimant had the residual functional capacity to perform work-related functions except for work involving exposure to lint"; that she was then unable to perform her past relevant work; that she then had the residual functional capacity for at least sedentary work; was forty-two years old, hence a "younger individual" per the regu-

lations, and had an eighth grade education. Using these findings as to the claimant's residual functional capacity and vocational capabilities as predicates for application of 20 C.F.R. § 404.1513 (1980) (medical-vocational guidelines)[1] and Rule 201.24, Table No. 1 of Appendix 2, Subpart P, the Appeals Council concluded that the Table "directs a conclusion that the claimant, considering her residual functional capacity, age, education, and work experience, was not disabled on or prior to March 31, 1972." It then added that "[r]estriction from work requiring exposure to lint would not significantly limit vocational possibilities," and denied the claim.

Upon claimant's action for judicial review the district court affirmed the Secretary and this appeal followed.

On appeal the substituted claimant contends that there was not substantial evidence in the record as a whole to support the Secretary's determination that the claimant was not disabled within contemplation of the Social Security Act. Specifically he points to the Secretary's rejection on technical grounds of the 1972 pulmonary study; to the Secretary's acceptance of the opinion of a non-examining physician over the conflicting opinion of claimant's examining physician; and to the Secretary's use of the 1979 regulations as the basis for a directed conclusion of nondisability as mandated by the combination of residual functional capacity and vocational capabilities found as facts.

Because we think the third point well taken, requiring remand for reconsideration, we express no opinion on the other two, which may not arise or may take on different casts upon the reconsideration we direct.

■ We find error requiring remand for further administrative proceedings in the Secretary's use of the new 1979 regulations, specifically Rule 201.24, as the basis for a directed conclusion of nondisability on the facts of this case. Those regulations clearly state that where nonexertional limitations—mental, sensory, or skin impairments—are present, the rules for application of the "grids" in Appendix 2 are not conclusive but may only serve as guidelines and full consideration must be given to all relevant facts. 20 C.F.R. Subpart P, App. 2, § 200.00(a), (e)(2) (1981). The legislative history just as clearly indicates that nonexertional limitations include the need to avoid breathing certain fumes or dust. 43 Fed.Reg. 55,349, 55,358 (1978). It was therefore error here, where claimant's nonexertional limitation related to the need to avoid inhalation of lint was specifically recognized by the Secretary, nevertheless to apply the Tables mechanically to find nondisability. Where the fifth step in the disability inquiry is reached and nonexertional limitations are present, recourse must be had to other evidence than the Tables of Appendix 2 alone to conclude whether the claimant is capable of performing alternative work available in the national economy. *See McLamore v. Weinberger*, 538 F.2d 572, 574 (4th Cir. 1976); *Taylor v. Weinberger*, 512 F.2d 664, 666 (4th Cir. 1975); *cf. Frady v. Harris*, 646 F.2d 143 (4th Cir. 1981) (tables appropriately used in case where nonexertional limitations present).

We vacate the judgment of the district court and remand with instructions to remand to the Secretary for further proceedings consistent with this opinion.

VACATED AND REMANDED.

---

1. The parallel 1981 section is 404.1569.