**Vanetta GRAHAM, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of the Department of Health and Human Services, Defendant.**

**No. 82 Civ. 8758 (CES).**

United States District Court, S.D. New York.

Feb. 16, 1984.

Markhoff, Gottlieb, Lazarus, D'Auria & Maldonado, New York City, for plaintiff; David Kuznicki, New York City, of counsel.

Rudolph W. Giuliani, U.S. Atty., New York City, for defendant; Marc M. Rosenbaum, Asst. U.S. Atty., New York City, of counsel.

## MEMORANDUM DECISION

STEWART, District Judge:

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Secretary of Health and Human Services denying her claim for federal disability insurance benefits as well as her continued entitlement to supplemental security income based on disability.[1] Plaintiff moves for summary judgment, and the Secretary cross-moves for judgment on the pleadings.[2]

Plaintiff Vanetta Graham was 46 years old at the time of her hearing and last worked in 1973 as a family counselor. That job entailed visiting homes, escorting clients to various appointments and was generally an extremely active position. Ms. Graham's previous two positions were

---

1. While the record is unclear on this point, it appears that the claimant was initially granted disability under a state program, and had been receiving supplemental security income benefits since 1974 when her case was converted to the federal program. The ALJ considered both the question of termination of SSI benefits as well as an initial application for disability insurance benefits.

2. We treat plaintiff's motion for summary judgment as a motion for judgment on the pleadings, which is technically the proper vehicle under the Social Security Act for a decision on the merits of the complaint. *Garcia v. Califano*, 463 F.Supp. 1098, 1100 (N.D.Ill.1979).

as a teacher's assistant and a Medicaid field worker; each of these jobs also required plaintiff to be on her feet all day.

The medical bases for the claim of disability are numerous. Plaintiff's medical records and testimony indicate that she suffers from high blood pressure, arthritis, asthma, allergies, hypothyroidism, urinary infections, bronchitis, orthopedic problems, and numbness in her left hand. Ms. Graham wears a cervical collar and uses a cane. She lives with her son and her two daughters.

On review, we can only set aside a decision which is based upon legal error or which is not supported by substantial evidence. 42 U.S.C. § 405(g); § 1383(c)(3); *Aubeuf v. Schweiker*, 649 F.2d 107, 112 (2d Cir.1981). Plaintiff challenges the Administrative Law Judge's (hereinafter "ALJ") decision on both these grounds. Because the decision to deny benefits in this case was based upon an error of law, we reverse the Secretary's decision and remand the case for further findings.

The Second Circuit has set forth the straightforward five-step sequence to be utilized in evaluating disability claims. *See Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982). In this case, the ALJ reached the fifth step of the analysis, having found the following: 1) the plaintiff has not been engaged in any substantial activity since 1973; 2) plaintiff's impairments are severe; 3) plaintiff's impairments alone, or in combination, fail to meet or equal any listed impairment; 4) plaintiff has the residual functional capacity to perform sedentary work. Insofar as Ms. Graham's previous jobs were characterized as "light" work, which she could not perform, the ALJ proceeded to the fifth step of the analysis, which is to determine whether there is any work available in the economy which the plaintiff is capable of performing. In reaching the conclusion that there was such work, the ALJ found Rule 201.22 of Table No. 1 of Appendix 2, Subpart P, Regulation No. 4, to be applicable, which

directed a finding of "not disabled" for the plaintiff.[3]

■ While plaintiff has the burden of proof with respect to the first four steps of this sequence, the burden shifts to the Secretary for the fifth stage. At that point, the Secretary must establish that there is work of a less strenuous nature than the claimant's previous position, which the claimant could perform. *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir.1982). As recently summarized by the Supreme Court,

> The regulations divide this last inquiry into two stages. First, the Secretary must assess each claimant's present job qualifications. The regulations direct the Secretary to consider the factors Congress has identified as relevant: physical ability, age, education, and work experience. *See* 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f). Second, she must consider whether jobs exist in the national economy that a person having the claimant's qualifications could perform. 20 C.F.R. § 404.1520(f); §§ 404.-1566–404.1569. *Heckler v. Campbell*, [—— U.S. ——] 103 S.Ct. 1952, 1954 [76 L.Ed.2d 66] (1983) (fn. omitted).

The ALJ committed an error of law in finding No. 9 of his decision, in which he found that Rule 201.21, Table No. I of Appendix 2 of 20 C.F.R. 404 directed the conclusion that plaintiff is not disabled. The Rules of 20 C.F.R. 404, Appendix 2 are commonly referred to as the "grid", and provide uniform guidelines with respect to the existence of jobs in the economy for individuals:

> They [the regulations] consist of a matrix of the four factors identified by Congress—physical ability, age, education and work experience—and set forth rules that identify whether jobs requiring specific combinations of these factors exist in significant numbers in the national economy. Where a claimant's qualifications correspond to the job requirements

---

**3.** Although it does not affect the result, we note that the ALJ's findings refer to Rule 201.21 as applicable and the text of his decision refers to Rule 201.22 as applicable.

identified by a rule, the guidelines direct a conclusion as to whether work exists that the claimant could perform. If such work exists, the claimant is not considered disabled. *Heckler v. Campbell,* [—— U.S. ——] 103 S.Ct. 1952, 1955 [76 L.Ed.2d 66] (1983). While the Supreme Court upheld the validity of the grid as an exercise of the Secretary's rulemaking powers within the statutory authority of the Act, the *Heckler v. Campbell* decision noted the regulations' recognition of the limited circumstances in which the grid would be applicable. *See Heckler,* 103 S.Ct. at p. 1955, n. 5; p. 1958, n. 11.

■ The Regulations promulgated by the Secretary specifically set out the situations where the use of the grid would be inappropriate. This case is governed by 20 C.F.R. § 404 subpart P, App. 2, § 200.-00(e)(2), which dictates that where a claimant's impairments are based on both strength and non-exertional limitations, the grid merely provides a "framework" for analysis, unless a finding of disability can be predicated on the strength limitations alone. The regulations caution that if there is a combination of impairments which cannot be determined on the basis of the grid alone, "full consideration must be given to all of the relevant facts in the case in accordance with the definitions and discussions of each factor in the appropriate sections of the regulations, which will provide insight into the adjudicative weight to be accorded each factor." 20 C.F.R. § 404 subpart P, App. 2 § 200.00(e)(2). The case law is also clear that where there is a combination of exertional and non-exertional impairments, the grid cannot be relied on exclusively to demonstrate that jobs exist in the economy that the claimant can perform. *McCoy v. Schweiker,* 683 F.2d 1138 (8th Cir.1982); *Roberts v. Schweiker,* 667 F.2d 1143 (4th Cir.1981); *Keeney v. Heckler,* 568 F.Supp. 1145 (D.Md.1983).

■ In this case, the ALJ mechanically applied the grid despite the existence of non-exertional impairments, which have been described as follows: "... they affect plaintiff's ability to perform any activity, strength related or not. They do not manifest themselves only when the plaintiff exerts himself physically, but are present at all times." *Quinones v. Secretary of Department of Health,* 567 F.Supp. 188, 191 (E.D.N.Y.1983). In finding number 4 of his decision, the ALJ concluded "the claimant has the residual functional capacity to perform work-related functions *except for work involving environmental conditions of dust and fumes,* and prolonged walking, standing, lifting and carrying." (Tr. 13, emphasis added). Environmental restrictions are mentioned in the regulations as a non-exertional impairment, making the application of the grid inappropriate. 20 C.F.R. Subpart P, App. 2, § 200.00(a), (e)(2). "The legislative history just as clearly indicates that non-exertional limitations include the need to avoid breathing certain fumes or dust. 43 Fed.Reg. 55,349, 55,359 (1978)." *Roberts v. Schweiker,* 667 F.2d 1143, 1145 (4th Cir.1981). *See also McCoy v. Schweiker,* 683 F.2d 1138 (8th Cir.1982); *Thomas v. Schweiker,* 666 F.2d 999, 1004 (5th Cir.1982).

■ The ALJ's exclusive reliance on the grid constituted an error of law in light of Ms. Graham's non-exertional impairment. Where a claimant has significant non-exertional impairments, there must be evidence other than the Tables of Appendix 2 alone to establish whether or not the claimant is capable of performing other work. *Roberts v. Schweiker,* 667 F.2d 1143 (4th Cir. 1981). *See, e.g., Haynes v. Heckler,* 716 F.2d 483, (8th Cir.1983) (Secretary must produce expert vocational testimony to meet burden of showing that jobs are available in the national economy); *Allen v. Schweiker,* 567 F.Supp. 1204 (D.Del.1983) (error for ALJ not to obtain testimony of a vocational expert where claimant has significant non-exertional limitations).

■ Plaintiff also argues for reversal on a number of different theories: 1) the ALJ failed to make findings with respect to all of plaintiff's impairments; 2) the ALJ failed to consider the combined effects of all of claimant's impairments; 3) the ALJ

improperly evaluated conflicting medical opinions; and 4) the plaintiff's impairments meet or equal the Secretary's listing of impairments. While an ALJ is not required to make a finding with respect to every single bit of evidence presented, *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir.1981), it is not clear on this record that the ALJ seriously considered the combined effect of all of Ms. Graham's impairments, in either the determination that those impairments, while severe, did not meet or equal an Appendix I impairment or his determination that Ms. Graham was capable of performing sedentary work. While the ALJ stated that the impairments "alone or in combination" did not meet or equal a listed impairment, (Tr. 11), and based on "all of the evidence," the claimant had the ability to perform sedentary work, (Tr. 12), these conclusory evaluations of the evidence do not assure us that the claimant's impairments as a whole were considered, as is required. *Kolodnay v. Schweiker*, 680 F.2d 878, 880 (2d Cir.1982). With respect to the argument that the ALJ improperly evaluated the treating physician's reports, the treating physician's report would not be binding if it was contradicted by substantial evidence. *Parker v. Harris*, 626 F.2d 225, 232 (2d Cir.1980). *Eiden v. Secretary of Health, Education & Welfare*, 616 F.2d 63, 64 (2d Cir.1980). While the ALJ explained how he was resolving the conflict between the treating physicians' reports and the contradictory consultative reports, we note that the ALJ exaggerated some aspects of the plaintiff's testimony to support his conclusion that the issue of credibility had to be resolved against the claimant and her physician.

While none of the plaintiff's arguments are strong enough to warrant reversal, in light of the necessity for a remand because of the clear error of law outlined above, we instruct the ALJ to make clearer findings with respect to whether Ms. Graham's disabilities in combination warrant a finding of an impairment equal to a listing, and whether Ms. Graham does indeed have the residual functional capacity for sedentary work, considering all of her impairments in combination.

SO ORDERED.