**Paul W. GUTHRIE, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

No. C–80–218–G.

United States District Court, M.D. North Carolina, Greensboro Division.

June 8, 1984.

Charles T. Hall, Raleigh, N.C., for plaintiff.

Kenneth W. McAllister, U.S. Atty., M.D. N.C., Greensboro, N.C., Carl H. Harper, Regional Atty., and Jerry J. Wall, Asst. Regional Atty., Dept. of Health and Human Services, Atlanta, Ga., for defendant.

## MEMORANDUM OPINION AND ORDER

HIRAM H. WARD, Chief Judge.

On October 26, 1983, in conformity with the decision of the Fourth Circuit in *Guthrie v. Schweiker*, 718 F.2d 104 (4th Cir. 1983), the Court ordered the defendant to file with the Court her "additional and modified findings of fact and decision and a transcript of the additional record and testimony upon which such additional and modified findings and decision were made." Order (October 26, 1983). Following entry of a final judgment by this Court upon review of those materials, plaintiff's counsel could reapply for attorney's fees in accordance with 28 U.S.C. § 2412(d)(1)(B).[1]

Currently pending before the Court are the defendant's Motion to Dismiss (March 9, 1984) and the plaintiff's Application for Attorney's Fees (March 29, 1984) in the amount of $10,631.25. Plaintiff has no objection to defendant's motion so long as the order of dismissal directs that the plaintiff is the prevailing party. Defendant has presented a compelling argument for dismissal. Following remand of this case to the Secretary, the Appeals Council adopted on April 28, 1982, a recommended decision of the administrative law judge which was fully favorable to the plaintiff. This action became the defendant Secretary's final decision on April 28, 1982. Defendant has argued that this decision purged this lawsuit wherein plaintiff sought disability benefits of any case or controversy.

■ The issue of plaintiff's entitlement to benefits is moot. Plaintiff and defendant no longer have adverse legal interests concerning the dispute giving rise to this lawsuit, the issue of plaintiff's entitlement to disability benefits. There is no reasonable expectation that defendant will deprive plaintiff of those benefits in the future. The parties have adverse legal interests as to the question of plaintiff's right to attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). This attorney's fees dispute does not, however, rejuvenate the underlying lawsuit and avoid that litigation's mootness, since the question of attorney's fees is not ripe for adjudication until after entry of a final judgment in the underlying case. *Guthrie v. Schweiker*, 718 F.2d 104.

---

1. Plaintiff filed a motion requesting the Court to amend this order. Motion (January 30, 1984). Plaintiff asked the Court to order the defendant to file the above-mentioned materials within thirty days because over three months had passed since the Court ordered the filing of the materials. Plaintiff's motion was mooted by defendant's filing of the materials on March 9, 1984.

Section 405(g) of Title 42, U.S.C., provides that following a remand, the Secretary must file with the court the additional record and decision upon remand and that the court then may enter a final judgment affirming, modifying, or reversing the Secretary's final decision. Clearly, as of April 28, 1982, there was no constitutionally mandated case or controversy whereupon the Court could enter a final judgment as contemplated by section 405(g). The Court has no jurisdiction to enter such a final judgment, *North Carolina v. Rice*, 404 U.S. 244, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971), however, it has sufficient jurisdiction to dismiss this case for mootness or lack of jurisdiction. *Texas and Pacific Railway v. Gulf, Colorado and Santa Fe Railway*, 270 U.S. 266, 274, 46 S.Ct. 263, 265, 70 L.Ed. 578, 582 (1926); *McGowen v. Harris*, 666 F.2d 60 (4th Cir.1981). The Court's dismissal of this action will serve as a final judgment so that the Court may proceed to address plaintiff's application for attorney's fees.

■ Plaintiff applied for attorney's fees on March 29, 1984. Defendant filed a response objecting to the application on May 21, 1984. Plaintiff has argued that the Court should ignore defendant's response because she filed it more than twenty days after plaintiff made the application. Local Rules 21(g) and 21(n) require a respondent to file within twenty days or, in the absence of excusable neglect, suffer having the opponent's motion considered as uncontested.

Plaintiff's application should not be treated as unopposed or the response as untimely. The Court will not have filed a final judgment in this action until the date this order is docketed. The EAJA directs the prevailing litigant against the United States to file for fees "within thirty days of final judgment in the action ...." 28 U.S.C. § 2412(d)(1)(B). The thirty day period begins upon entry of the final judgment. *Guthrie v. Schweiker*, 718 F.2d 104. Hence, plaintiff filed the application prematurely. In the ordinary case a court would have had to deny such an application as unripe. The defendant filed its motion to dismiss so that, subsequent to dismissal, the plaintiff could come forward with his application for fees. As a resolution to this matter, the Court will treat the application as filed subsequent to the entry of a final judgment in this action and the defendant's response as timely made.

Plaintiff brought this lawsuit on May 9, 1980, complaining of the defendant's final decision of April 22, 1980, denying his application for disability benefits dated April 4, 1979. Plaintiff filed a Motion for Summary Judgment on August 29, 1980, and defendant filed a Motion for Judgment on the Pleadings on November 13, 1980. The Court never passed upon these motions because on November 26, 1980, the Court approved a consent order to remand the case to the defendant Secretary for further administrative action. Upon this remand the defendant partially granted plaintiff's application for benefits and filed with the Court the record and decision upon remand. The plaintiff renewed his motion. Motion for Summary Judgment (April 6, 1981). Since the defendant upon remand had denied benefits for the period from February 1, 1979, to June 18, 1980, the matter at that time for the Court's consideration was plaintiff's entitlement to benefits during that period.

On September 8, 1981, the court ordered the case remanded again to the defendant Secretary for further proceedings consistent with the Magistrate's Findings and Recommendation (August 3, 1981). The basis of the remand was the administrative law judge's failure to make necessary findings of fact for the Court to determine if substantial evidence supports the defendant Secretary's final decision. That judge never ruled whether the plaintiff was disabled from his former work. The significance of this omission arises from the fact that a claimant presents a prima facie case of disability upon a showing that he cannot perform past work and that in the face of such a prima facie case the Secretary must rebut it by showing the existence of a specific job which the individual claimant can perform. *McLain v. Schweiker*, 715 F.2d 866, 868–69 (4th Cir.1983); *Taylor v. Weinberger*, 512 F.2d 664, 666 (4th Cir.

1975). At the hearing before the administrative law judge, the Secretary presented no such vocational evidence.

Plaintiff objected to the remand recommendation on the grounds that the Secretary had had two chances to provide this missing vocational evidence. The Court, in adopting the Magistrate's recommendation, stated that the Secretary had not shown "good cause," 42 U.S.C. § 405(g), for omitting the findings or evidence concerning plaintiff's ability to do past work or other work during the contested period, but concluded that remand was necessary in the absence of evidence sufficient for a *de novo* ruling.

Upon this second remand the Secretary awarded full benefits for which plaintiff applied. Action on Remand, Attachment (March 9, 1984). A supplemental hearing was held before an administrative law judge on January 11, 1982. At this hearing a vocational expert testified that although the plaintiff could do safe sedentary jobs between February, 1979, and June, 1980, plaintiff's weekly hypoglycemic attacks prevented plaintiff from performing unskilled work. The administrative law judge recommended an award of benefits beginning February 1, 1979, because plaintiff's hypoglycemic attacks prevented successful sustained performance of any type of substantial gainful employment since that date. The Appeals Council adopted the recommended decision.

■ The EAJA, 28 U.S.C. § 2412(d), became effective on October 1, 1981, and applicable to cases pending on or commenced on or after that date. Attorney's fees are not recoverable under the act if the government can show that its position was substantially justified or if special circumstances make an award unjust. Under the substantially justified test, the government can avoid fees if it can show that its position as a party in the lawsuit had a reasonable basis in both law and fact. *Amidon v. Lehman,* 730 F.2d 949 (4th Cir. 1984). In *Guthrie v. Schweiker,* the court of appeals commented that

[i]n the district court the government's position generally is established at the administrative level and judicial review is limited to consideration of the administrative record by cross motions for summary judgment. Therefore, the government's position in the district court normally would be substantially justified if, as is usual, the United States attorney does no more than rely on an arguably defensible administrative record. In such a situation, the EAJA would not require an award of attorney's fees. Moreover, entry of summary judgment for the claimant raises no presumption that the government's position was not substantially justified.

718 F.2d at 108. The court also stated that an administrative record could be so deficient that the government would not be substantially justified in relying on it.

■ The EAJA applies to this action although the Court's two remand orders were issued prior to the act's effective date. The defendant has argued that the Court should not award fees for work done prior to that date. The Court does not agree. Fees may be recovered for work done prior to the effective date where the action is pending as of that date. *Tyler Business Services, Inc. v. NLRB,* 695 F.2d 73, 77 (4th Cir.1982).

■ The defendant has also argued that the Court should not award fees because plaintiff only succeeded in obtaining remands, not orders awarding benefits, in the District Court. A party who obtains a remand to the Secretary is not a prevailing party because he has not prevailed on the merits. However, if the party subsequently receives an award of benefits upon remand, then he would be a prevailing party for purposes of the EAJA. *McGill v. Secretary of Health and Human Services,* 712 F.2d 28 (2d Cir.1983).

The Court finds merit in the defendant's contention that her position in this litigation was substantially justified. Plaintiff asserted that the administrative record is not arguably defensible because of the absence of vocational testimony despite two remands in November, 1980, and September, 1981. Plaintiff is not entitled to bene-

fits merely because the Secretary upon remand ruled in plaintiff's favor. Although the Court concluded earlier in this litigation that substantial evidence did not support the Secretary's decision, that conclusion is not a finding that the Secretary's position was not substantially justified.

In this case it has been plaintiff's primary contention that he is disabled primarily because of weekly hypoglycemia attacks, a non-exertional impairment. The defendant contended that plaintiff's hypoglycemia was caused by diabetes which could be fairly controlled by proper diet and medication, insulin, and that episodes of hypoglycemia had followed plaintiff's failure to follow a proper diet or take correct amounts of insulin. There is evidence in the record which would tend to support these contentions. The defendant also noted evidence tending to show that plaintiff's other medical problems (back ailment, bursitis, and impaired vision) are not disabling. In short, there was evidence in the record upon which one could reasonably argue that plaintiff retained functional capacity for light work not involving working at heights, around moving machinery, or moving vehicles.

With this factual background, the defendant argued that the Secretary could utilize the new vocational grid, 20 C.F.R. Part 404, Subpart P, Appendix 2, as a guideline or framework which considered along with plaintiff's specific limitations indicates that he is not disabled. The Secretary concluded that plaintiff's diabetes and recurrent hypoglycemia did not rule out a wide variety of light work jobs. Specifically, defendant asserted that Rule 202.06 of Table 2 of Appendix 2 indicates that plaintiff was disabled as of his 55th birthday (June 18, 1980), but that Rule 202.14 suggests a finding of not disabled prior to that birthday. The consent order whereby the case was initially remanded to the Secretary in November, 1980, apparently had its origin in the parties' recognition that plaintiff had attained 55 years of age and entitled to disability as of that date pursuant to Rule 202.06. Hence, in actuality, there was only one remand order wherein the Court directed the Secretary to correct original errors and with which she complied. *See* Plaintiff's Memorandum of Law at VII (August 29, 1980).

The vocational grid is a relatively recent (February 26, 1979) attempt by the Secretary to regularize her decisionmaking as to claimants' retained capacity to perform specific jobs existing in the national economy. *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir.1983). The grid takes administrative notice of the availability of such jobs for persons possessing certain attributes of age, education, previous work experience, and residual functional capacity. The grid only considers exertional limitations on a person's ability to work and, therefore, is not conclusive in cases where a person exhibits non-exertional limitations. In the latter instance the Secretary under the regulations must afford the claimant individualized consideration because the non-exertional limitation narrows the range of jobs available when only considering exertional limitations. *Grant v. Schweiker*, 699 F.2d at 191–92; Appendix 2, § 200.00(a), (d) & (e). However, the regulations do direct the utilization of the grid as a guideline. *Vega v. Harris*, 636 F.2d 900, 903 n. 5 (2d Cir.1981).

The defendant has not contended that Rule 202.14 should apply conclusively in the case or that vocational evidence is unnecessary. Rather, she utilized the grid as a framework administratively noticing many forms of light work existing in significant numbers in the national economy. The propriety of using the grid in this evidentiary fashion was an unsettled question in this circuit at the time the parties' submitted their cross-motions. On February 1, 1983, the Court of Appeals ruled that the Secretary must present vocational expert testimony to establish a claimant's retained functional capacity to perform specific jobs existing in the national economy when the claimant demonstrates the presence of significant non-exertional impairments. *Grant v. Schweiker*, 699 F.2d 189. This ruling, which settled the issue in this circuit, was rendered about one and one-half years after the Court remanded this case upon the Magistrate's recommenda-

tion. *See Heckler v. Campbell,* 461 U.S. 458, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983) (grid may be used in lieu of vocational expert testimony in appropriate cases); *Smith v. Schweiker,* 719 F.2d 723 (4th Cir. 1984) (grid may be applied conclusively where non-exertional limitations are not significant); *Frady v. Harris,* 646 F.2d 143 (4th Cir.1981) (approving conclusive use of grid in lieu of vocational expert testimony).[2] Three months after the Court remanded the case for the second time the Court of Appeals issued its *per curiam* opinion in *Roberts v. Schweiker,* 667 F.2d 1143 (1981) holding that the Secretary may not mechanically apply the grid to a claimant when non-exertional limitations are present but must introduce "other evidence than the Tables of Appendix 2 *alone* " to show that jobs exist which the claimant can perform. 667 F.2d at 1145 (Emphasis added). The court of appeals' statement in *Roberts* that the Secretary can rely *in part* on the grid despite the presence of non-exertional impairments underscores the unsettled question of how broadly the Secretary could utilize the grid and whether vocational expert testimony is needed if the claimant is found to closely approximate a rule within the grid system.

■ Under these circumstances the Court finds that the defendant's position in this litigation was reasonably justified in fact and law. A genuine dispute existed as to the proper use of the vocational grid. *See Smith v. Schweiker,* 563 F.Supp. 891 (E.D.N.Y.1982) (if the dispute is genuine, the losing party was substantially justified); *cf. Cornella v. Schweiker,* 553 F.Supp. 240, 244 (D.S.D.1982) (erroneous use of grid was not unreasonable). The identical position, if asserted at this time, of course, would in all likelihood not be reasonably justified. *See Hoang Ha v. Schweiker,* 707 F.2d 1104, 1106 (9th Cir. 1983) ("The more often an issue is decided

against the government the more unreasonable advancing such a claim again will be"); *Chee v. Schweiker,* 563 F.Supp. 1362 (D.Ariz.1983) (government's position not substantially justified since contrary to previous circuit ruling which was clearly applicable). Moreover, the fact that the question of the breadth of applicability of the grid was unsettled is a special circumstance warranting denial of an award of attorney's fees. The Court does not believe that Congress intended the award of attorney's fees in cases involving disputes over the correct application of new untried government regulations where the government has attempted to uniformly apply those regulations in good faith.

IT IS, THEREFORE, ORDERED that defendant's motion to dismiss this action be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff's application for attorney's fees be, and the same hereby is, DENIED.

A Judgment dismissing this action will be entered.

**2.** Plaintiff cited the unpublished Magistrate's Findings and Recommendation (August 22, 1980) in *Cannon v. Harris,* No. C–79–723–S (M.D.N.C.) as an earlier decision in this District critical of the use of the vocational grid and the Secretary's failure to offer vocational expert testimony concerning specific jobs which Cannon could perform. Cannon claimed to be disabled

because of accidental spinal injuries. The Court ordered the case remanded. At the time *Cannon v. Harris* was before the Court the propriety of the vocational grid was questionable. The correctness of the remand order adopting the Magistrate's Findings and Recommendation in *Cannon v. Harris* is subject to question in light of the Supreme Court's opinion in *Heckler.*