927 F.2d 595
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Odell BROWN, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 90-1719.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 5, 1990.
Decided March 7, 1991.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. G. Ross Anderson, Jr., District Judge. (CA-88-3030-3-3B)
 Eddye Lujeanne Lane, Michael Gregg Pritchard, Palmetto Legal Services, Columbia, S.C., argued for appellant.
 Julie Anne Sammons, Assistant Regional Counsel, Department of Health and Human Services, Atlanta, Ga., argued for appellee; Bruce R. Granger, Chief Counsel, Region IV, Mack A. Davis, Deputy Chief Counsel for Social Security Litigation Programs, Mary Ann Sloan, Principal Regional Counsel, Social Security Disability Litigation, Haila Naomi Kleinman, Supervisory Assistant Regional Counsel, Department of Health and Human Services, Atlanta, Ga.; Stuart E. Schiffer, Acting Assistant Attorney General, United States Department of Justice, Washington, D.C.; E. Bart Daniel, United States Attorney, Columbia, S.C., on brief.
 D.S.C.
 AFFIRMED.
 Before PHILLIPS and WILKINSON, Circuit Judges, and WILSON, United States District Judge for the Western District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Odell Brown appeals from the judgment of the district court affirming the Secretary of Health and Human Services' denial of his claim for disability insurance benefits and supplemental security income. In an opinion which stands as the final decision of the Secretary, the Administrative Law Judge ("ALJ") found that Brown, a recovering alcoholic with a seventh grade education, who was 49 years of age on the date of his administrative hearing, was capable of performing a full range of light work. Considering Brown's age and his ability to perform light work, the ALJ found through application of the medical-vocational guidelines that Brown was not disabled. Brown contends that the ALJ improperly discounted his testimony regarding pain, weakness, and his other subjective complaints solely because of a lack of objective medical evidence; that the ALJ did not adequately defer to the opinion of Brown's treating physician; that the ALJ failed to consider the combined effects of Brown's impairments; and that the ALJ should not have applied the medical-vocational guidelines. We reject Brown's arguments, find the Secretary's decision to be supported by substantial evidence, and affirm the decision of the district court.
 
 
 2
 * Brown applied for social security disability benefits and social security supplemental income on March 17, 1987, maintaining that he had been disabled since October 20, 1981, due to diabetes, and ailments of the lungs, liver, stomach, and bowel.[1] His application was denied initially and on reconsideration. He then filed a request for a hearing, before an ALJ, which was held on November 9, 1987. The ALJ found that Brown was a "younger individual" under the regulations and capable of performing "a full range of light work" and, therefore, not disabled. The Appeals Council denied Brown's request for review, and the ALJ's decision became the final decision of the Secretary. Brown then filed this action in the United States District Court for the District of South Carolina, Columbia Division. The court referred the matter to a United States magistrate judge pursuant to 28 U.S.C. Sec. 636(b)(1)(B). The magistrate judge found the Secretary's decision to be supported by substantial evidence and recommended that it be affirmed. The district court followed the magistrate judge's recommendation, and Brown appealed.
 
 
 3
 The medical evidence establishes, and the ALJ found, that Brown has cirrhosis of the liver, pancreatitis, ulcerative colitis, peptic ulcer disease, and diabetes mellitus. Brown has been hospitalized for these or related conditions on several occasions since October of 1981 when he was last employed as a tree surgeon, a job involving heavy manual labor. Brown has not used alcohol since 1981. At the administrative hearing, Brown testified that he suffers from weakness, swelling, blackout spells, severe stomach pain (with 10 to 15 bowel movements per day), incontinence at least three times per week, coughing, and nervousness. He also testified that his weight on the date of the administrative hearing was 154 pounds, but that his normal weight was 225.
 
 
 4
 In May of 1987, Dr. Charles R. Holmes, Brown's treating physician since 1978, wrote Brown's counsel that Brown's medical problems, considered in combination, rendered Brown "totally and permanently disabled from his usual, substantial, gainful employment." After Brown's administrative hearing on November 16, 1987, Dr. Holmes wrote an additional letter noting Brown's diabetes mellitus, cirrhosis of the liver, and recurrent peptic ulcer disease. According to this letter, Brown last saw Dr. Holmes on November 11, 1987, with complaints that "indicated a recurrence of his peptic ulcer condition." Dr. Holmes stated that Brown is "totally and permanently disabled from any substantial, gainful employment."
 
 
 5
 As a result of Dr. Holmes' letter, Brown was sent to Dr. Jairaj Prashad, a specialist in internal medicine and pulmonary disease. Brown told Dr. Prashad that he became too weak to work as a result of his diabetes. Dr. Prashad found "no muscle atrophy or weakness," "[n]o evidence of weakness in any of his extremities," and "no significant end organ involvement" from diabetes mellitus. Dr. Prashad noted that Brown's "problems are mostly related to previous alcohol abuse" and that Brown's "current inability for any significant exertion or work cannot be readily explained." He found that in an eight hour workday, Brown could stand or walk for four hours and that Brown's impairments did not affect Brown's ability to sit. The ALJ, in effect, found that Brown had overstated his medical condition and was able to perform light work--a conclusion we find supported by substantial evidence.
 
 II
 
 6
 Brown argues that by finding him capable of performing light work, the ALJ improperly disregarded his subjective complaints of "abdominal pain and leg and body weakness and diarrhea" solely because those complaints were not supported by objective medical evidence, and, in so doing, the ALJ improperly evaluated his claim. We do not find that the ALJ rejected Brown's subjective complaints solely because they were not supported by objective medical evidence, but rather because Brown's testimony was found not to be credible. Brown's argument, therefore, is rejected.
 
 
 7
 Brown testified that he had had pancreatic cancer. Yet, there is no medical evidence to support that contention. To the contrary, biopsies of his pancreas were negative for cancer. Brown also testified that he had one of his lungs removed. Although there is medical evidence that surgery was performed for lung abscesses, there is no evidence that a lung was removed or that his lung function was impaired. Brown testified that part of his stomach had been removed. Although there is evidence that his gallbladder was removed, there is no evidence that part of his stomach was removed. Brown testified that he has been having between 10 to 15 bowel movements per day and has lost considerable weight. He testified that he weighed 154 pounds but that his normal weight was 225 pounds. Yet, his weight was recorded on January 14, 1988, as being 170 pounds, which was the same weight recorded in September 1982. Brown testified that he was suffering from general weakness. Dr. Prashad, however, found that "there was no muscle atrophy or weakness" and "no evidence of weakness in any of his extremities."
 
 
 8
 Although these are but some of the inconsistencies pointed out by the ALJ in finding that Brown's numerous subjective complaints lacked credibility, these inconsistencies are without a doubt sufficient to support the ALJ's overall assessment of Brown's credibility.
 
 III
 
 9
 Brown also contends that the ALJ failed to adequately defer to the opinion of his treating physician as required by the "treating physicial rule." "As applied in the Fourth Circuit, that rule requires that the opinion of a claimant's treating physician be given great weight and may be disregarded only if there is persuasive contradictory evidence." Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir.1987) (citing Foster v. Heckler, 780 F.2d 1125, 1130 (4th Cir.1986); Mitchell v. Schweiker, 699 F.2d 185, 187 (4th Cir.1983)). We find "persuasive contradictory evidence" and, therefore, no violation of the "treating physician rule."
 
 
 10
 Dr. Holmes identified three conditions which resulted in Brown being "totally and permanently disabled from any substantial, gainful employment": diabetes mellitus, cirrhosis of the liver, and recurrent peptic ulcer disease. Dr. Holmes, however, neither explained how those conditions disabled Brown, nor defined what his findings were to support his conclusion that Brown was disabled. In contrast, there is substantial medical evidence of record from which the ALJ could have concluded, as he did, that Brown's diabetes mellitus caused no end organ damage and is controlled by insulin, that his cirrhosis of the liver currently imposes no restriction on his ability to perform light work, and that his peptic ulcer disease is an intermittent problem subject to treatment. Against the backdrop of Dr. Prashad's findings, which include the findings that there was no evidence of weakness or other evidence to explain Brown's "inability for any significant exertion or work," we find "persuasive contradictory evidence" and no violation of the "treating physician rule." Although the "treating physician rule" requires great deference to the opinion of the treating physician, the rule does not dictate the conclusion that the ALJ must draw when there is substantial evidence, as we find in this case, supporting a contrary conclusion.
 
 IV
 
 11
 Brown also contends that the ALJ failed to consider the combined effects of his impairments. We disagree. The ALJ went to great lengths in considering the combined effects of those impairments that the ALJ found to be credible. Brown argues that in assessing the combined effects of his impairments, the ALJ failed to address the credibility of Brown's testimony and "[o]nce again" only relied upon "the lack of objective medical evidence to directly support these complaints." Appellant's Brief at 24. It is clear to us, however, that credibility determinations lie at the heart of the ALJ's analysis, that the ALJ considered the combined effects of those impairments that he found to be credible, and that his credibility determinations are supported by substantial evidence for the reasons we have already stated.
 
 V
 
 12
 Lastly, Brown maintains that the ALJ improperly relied upon the medical-vocational guidelines in finding that he was not disabled. Brown contends that because of his subjective "nonexertional impairments" of abdominal pain, weakness, and diarrhea, the ALJ improperly relied upon the guidelines to discharge his burden of proving that Brown could perform alternative work in light of Brown's inability to perform his past relevant work as a tree surgeon. In making that finding, the ALJ applied the medical-vocational guidelines under 20 C.F.R. Ch. III, Pt. 404, Subpt. P, App. 2, Table No. 2, Rules 202.18 and 202.19 to his previous finding that Brown was capable of performing a full range of light work and was a "younger individual." Based on his findings, the ALJ properly relied upon the guidelines to conclude that Brown was not disabled.
 
 
 13
 We agree, in light of Brown's inability to perform his past relevant work, that the burden shifted to the Secretary to show that Brown could perform an alternative job considering his age, education, and previous work experience. Hall v. Harris, 658 F.2d 260, 264 (4th Cir.1981); Coffman v. Bowen, 829 F.2d at 518. That burden, of course, could have been met with supporting testimony of a vocational expert or by "proper reference to the medical-vocational guidelines set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 2." See Coffman v. Bowen, 829 F.2d at 518. We also agree, as we have said in the past, that the guidelines should not be followed blindly when a claimant suffers from serious nonexertional impairments. Roberts v. Schweiker, 667 F.2d 1143, 1145 (4th Cir.1981). We do not agree, however, that the ALJ improperly relied on the medical-vocational guidelines in this case. According to Brown, his "main [nonexertional] complaint is abdominal pain and leg and body weakness and diarrhea." Appellant's Brief at 25. The ALJ, however, found that those claims were not credible, and as we have stated, that finding is supported by substantial evidence. Under these circumstances, we find no fault with the ALJ's application of the medical-vocational guidelines.
 
 VI
 
 14
 We do not discount the seriousness of Brown's impairments. We simply find there to be substantial evidence from which the ALJ, who is charged with the responsibility of finding the facts, could have found that Brown could perform light work. In light of that finding, through application of the medical-vocational guidelines, the ALJ could have concluded that Brown was not disabled considering his age, education, and previous work experience. Accordingly, the judgment of the district court is
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 Brown also filed applications for disability benefits and supplemental security income in 1981, 1985, and 1986; each was denied