972 F.2d 338
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Sam T. ARNETTE, Plaintiff-Appellant,
v.
U.S. DEPT. OF HHS, Defendant-Appellee.
 No. 91-2661.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: July 6, 1992
Decided: August 10, 1992
 
 Appeal from the United States District Court for the District of South Carolina, at Florence. C. Weston Houck, District Judge. (CA-88-2014-4-2)
 Sam T. Arnette, Appellant Pro Se.
 Cheryl Lynn Nikonovich-Kahn, Assistant Regional Attorney, United States Department of Health & Human Services, Atlanta, Georgia, for Appellee.
 D.S.C.
 Affirmed.
 Before MURNAGHAN, WILKINS, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Sam T. Arnette appeals the decision by the Secretary of Health and Human Services (Secretary) denying Arnette's application for disability benefits. Because we find that the Secretary's decision is supported by substantial evidence, we affirm.
 
 
 2
 Arnette was last insured for social security purposes on December 31, 1977. Therefore, he must establish that he became disabled prior to the expiration of his insured status. See 42 U.S.C. § 423(a), (c) (1988); Roberts v. Schweiker, 667 F.2d 1143, 1144-45 (4th Cir. 1981). Medical evidence of his condition after December 1977 is relevant only insofar as it sheds light on his entitlement to benefits at that time. See Wooldridge v. Bowen, 816 F.2d 157, 160 (4th Cir. 1987).
 
 
 3
 Arnette's medical records reveal that physicians suspected some mental illness in 1977, but the medical reports are far from conclusive. Arnette's primary physician, Dr. George Moore, noted in March 1977 that Arnette, whose eyes appeared slightly dull, was acting agitated and possibly psychotic. Dr. Moore diagnosed anxiety and prescribed medication. The record does not reveal how long or whether Arnette actually took the medication. Arnette visited Dr. Moore in May and December of 1977 with complaints of a sore throat, possible thyroid problem, and a headache. It is significant that Dr. Moore's notes from those visits do not mention Arnette's mental state.
 
 
 4
 In September 1977, Arnette went to a hospital emergency room on consecutive days complaining that his arms and hands felt numb and cold. Emergency room doctors later diagnosed situational reaction and referred him to a mental health center. On October 17, 1977, Arnette visited the Mecklenburg County Mental Health Center. A psychologist noted that while Arnette appeared to be oriented to time, place, and person, his contact with reality was tenuous. Arnette admitted to drinking heavily since his discharge from the Army.
 
 
 5
 The psychologist's initial impressions were possible brain damage resulting from alcohol abuse and/or emotional problems with paranoid elements. He deferred diagnosis pending a follow-up appointment with a staff psychiatrist to rule out alcoholism and paranoid schizophrenia. Arnette, however, did not return for another appointment, and efforts to locate him revealed that Arnette had moved without leaving a forwarding address.
 
 
 6
 Arnette was hospitalized in a Veterans Administration hospital between May 30 and June 30, 1978. No significant physical problems were noted. However, physicians diagnosed a schizoid personality that improved with medication. Situational anxiety and depression also were diagnosed. Doctors thought that Arnette's isolated lifestyle had contributed to his condition and that, if he changed certain situational factors, he would become more productive. Upon his discharge, Arnette was noted to be fully competent and able to work.
 
 
 7
 Arnette again visited the Mecklenberg County Mental Health Center in March 1979 to check on his medication needs. The counselor found him definitely able to work at that time.
 
 
 8
 By 1981 Veterans Administration doctors opined that Arnette's mental problems were so significant that he was unable to work. This conclusion was reached more than three years after the expiration of Arnette's insured status, and is entitled to little weight in assessing his entitlement to benefits.
 
 
 9
 We conclude that substantial evidence of record supports the Secretary's conclusion that Arnette was not disabled as of December 31, 1977. Arnette was then forty-six years old, had a high school education, and had relevant work experience in the Military as a postal clerk, and orderly room worker. Following his discharge from military service, Arnette worked sporadically as a motel clerk. A vocational expert stated that a significant number of jobs, which did not require dealing with the public, existed in the regional economy for an individual such as Arnette. Under these circumstances, and considering the paucity of medical evidence demonstrating a disabling mental impairment, we conclude that Arnette is not entitled to benefits.
 
 
 10
 As our review of the record and other materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument. The Motion for Appointment of Guardian is denied.
 
 AFFIRMED