**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

PATTIE KING,
Plaintiff-Appellant,

v.

No. 97-1939

KENNETH S. APFEL, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
W. Earl Britt, Senior District Judge.
(CA-95-139-7-BR-1)

Submitted: May 19, 1998

Decided: June 15, 1998

Before MURNAGHAN, ERVIN, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Cindy C. Huntsberry, Smithfield, North Carolina, for Appellant.
Janice McKenzie Cole, United States Attorney, Anne M. Hayes,
Assistant United States Attorney, Barbara D. Kocher, Assistant
United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Pattie King appeals from the district court's order adopting the magistrate judge's report and recommendation granting judgment for Kenneth Apfel. Finding that substantial evidence supports the Commissioner's decision, we affirm.

King filed a claim in May 1993 for Social Security disability benefits, alleging that she has been disabled due to fibrositis, panic attacks, and obsessive compulsive disorder, since March 1988. King's application was denied initially and upon reconsideration. She then requested an administrative hearing. After a hearing, the Administrative Law Judge denied her application. Thereafter, King appealed to the Social Security Appeals Council, which denied her request for review. King then filed a complaint in the district court, and Apfel filed a motion for judgment. Finding the ALJ's decision to be supported by substantial evidence in the record, the magistrate judge recommended granting Apfel's motion for judgment and dismissing King's complaint. After de novo review of the portions of the magistrate judge's report and recommendation to which King objected, the district court adopted the magistrate judge's report dismissing King's complaint. King timely appeals.

King alleges that, contrary to the ALJ's findings, medical evidence and lay testimony establish that she has been disabled due to fibrositis, panic attacks, and obsessive compulsive disorder, since March 1988, and that therefore she is entitled to benefits. To establish entitlement to benefits under Title II of the Social Security Act, a claimant must show that she was disabled prior to the date of expiration of her insured status. See 42 U.S.C. §§ 423(a), (c) (West 1994 & Supp. 1998); see also Roberts v. Schweiker, 667 F.2d 1143, 1144 (4th Cir. 1981). To be considered disabled, an individual's physical or mental impairment or impairments must be of such severity that the individ-

2

ual is unable to perform basic work activities. See 42 U.S.C. §§ 416(I)(1), 423(d)(2) (West 1994 & Supp. 1998).

We must uphold the Commissioner's decision if it is supported by substantial evidence in the record. See 42 U.S.C. § 405(g) (West 1994 & Supp. 1998); see also Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion, more than a scintilla but somewhat less than a preponderance. See Richardson v. Perales, 402 U.S. 389, 401 (1971).

Contrary to King's allegations, we find that substantial evidence in the record supports the ALJ's and the Commissioner's conclusion that King is not entitled to disability benefits because she did not have a disabling impairment prior to the expiration of her insured status in June 1989. Letters from King's treating physicians and other medical evidence in the record indicate that prior to the expiration of her insured status, plaintiff was not treated for a mental health impairment and was only diagnosed as possibly having fibrositis. Further, the record evidences that King's fibrositis did not qualify as a disabling impairment because it did not last for a continuous twelve month period commencing on or before her insured status expired and did not prevent King from engaging in work activity for twelve months or longer. See 20 C.F.R. § 404.1505 (1994). Thus, we conclude that substantial evidence in the record supports the ALJ's determination that King did not have a disabling impairment or impairments from her alleged onset date through the date of the expiration of her insured status.*

Because we find substantial evidence in the record as a whole supports the Commissioner's decision, we affirm the decision of the district court. We dispense with oral argument because the facts and

_____

*We determine that, in making its findings, the ALJ gave adequate consideration to the physicians' opinions in the record. See Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987); 20 C.F.R. § 404.1527(d)(2). Further, we find that the lay testimony presented failed to establish that King suffered from a disabling impairment. See Laws v. Celebrezze, 368 F.2d 640, 644 (4th Cir. 1966).

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4