**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ANNA M. ROSE,
Plaintiff-Appellant,

v.                                                                          No. 98-2169

COMMISSIONER OF SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Virginia, at Big Stone Gap.
James P. Jones, District Judge.
(CA-97-5-B)

Submitted: February 23, 1999

Decided: March 18, 1999

Before WILLIAMS and KING, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Roger W. Rutherford, WOLFE & FARMER, Norton, Virginia, for
Appellant. James A. Winn, Chief Counsel, Patricia M. Smith, Deputy
Chief Counsel, Joyce M. J. Gordon, Assistant Regional Counsel,
Office of General Counsel, SOCIAL SECURITY ADMINISTRA-
TION, Philadelphia, Pennsylvania; Robert P. Crouch, Jr., United
States Attorney, Julie C. Dudley, Assistant United States Attorney,
Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Anna M. Rose appeals from the district court's order accepting the magistrate judge's report and recommendation granting the Commissioner's motion for summary judgment. Finding that substantial evidence supports the Commissioner's decision, we affirm.

Rose, born in February 1937, has a tenth grade education and vocational experience as an executive secretary, which required no more than sedentary physical exertion. She filed a claim in December 1993 for Social Security disability benefits, alleging that she had been disabled since November 1988 due to a stroke, hysterectomy, blood clots, head pain, bladder disease, chronic cough and lung infections, and the residuals of a right foot fracture. Rose's application was denied initially and upon reconsideration. She then requested an administrative hearing. After a hearing, the Administrative Law Judge (ALJ) denied her application, finding that Rose had the residual functional capacity to do her past relevant work. Thereafter, Rose appealed to the Social Security Appeals Council, which denied her request for review. The ALJ's decision then became the Commissioner's final decision.

Rose filed a complaint in the district court challenging the final decision of the Commissioner. The Commissioner filed a motion for summary judgment. Finding the ALJ's decision to be supported by substantial evidence in the record, the magistrate judge recommended granting the Commissioner's motion for summary judgment and dismissing Rose's complaint. The district court accepted the magistrate judge's report and granted summary judgment against Rose. This appeal ensued.

We review the Commissioner's final decision to determine whether it is supported by substantial evidence and whether the correct law

was applied. See 42 U.S.C.A. § 405(g) (West Supp. 1997); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "`such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). We do not re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the Commissioner. See Hays, 907 F.2d at 1456. It is the duty of the ALJ, not the courts, to make findings of fact and to resolve conflicts in the evidence. See id.

In reaching his decision, the ALJ applied the sequential five step analysis found at 20 C.F.R. § 404.1520 (1997). Under this process, the ALJ considers sequentially: (1) whether Rose is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether that impairment meets or equals medical criteria warranting a finding of disability without considering vocational factors; (4) if not, whether the impairment prevents her from performing her past relevant work; and (5) if so, the burden shifts to the Commissioner to show that she can perform other work. See Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981).

Initially, the ALJ found that Rose met disability insured status requirements between November 3, 1988, and December 31, 1992, but not thereafter. At step one, the ALJ first found that Rose had not engaged in substantial gainful activity since the date of the alleged onset of disability, November 3, 1988. The ALJ further found, at step two, that Rose had severe impairments in combination, i.e., status post hysterectomy, status post fractured ankle and subsequent pulmonary embolus, and a history of intermittent bladder infections. The ALJ concluded, however, that Rose's secondary dysthymia was not present when she was insured for benefits. The ALJ determined at step three that the evidence did not demonstrate that Rose's impairments, considered individually or in combination, were of sufficient severity to meet any of the Listed Impairments set forth in 20 C.F.R. pt. 404, subpt. P., app. 1. At the fourth step, the ALJ found that Rose had the residual capacity to perform work-related activities except for work involving medium or heavy jobs. The ALJ concluded that Rose's impairments did not prevent her from performing her past relevant work as an executive secretary at any time prior to December

3

31, 1992 (the date Rose was last insured) and therefore that she was not "disabled."

On appeal, Rose first contends that the ALJ disregarded the uncontradicted evidence of Dr. Lanthorn, who maintained that Rose suffered from a severe mental impairment. Lanthorn diagnosed Rose with dysthymia, late onset, which caused Rose's deficiencies of concentration, persistence, and pace. The ALJ disregarded the report because it did not relate back to a period on or before December 1992. Rose acknowledges that to establish entitlement to benefits under Title II of the Social Security Act, a claimant must show that she was disabled prior to the date of the expiration of her insured status. See 42 U.S.C. §§ 423(a), (c) (West 1994 & Supp. 1998); see also Roberts v. Schweiker, 667 F.2d 1143, 1144 (4th Cir. 1981). Rose claims, however, that it is presumable, based on Lanthorn's findings, that she suffered this impairment before 1992 and that it was therefore incumbent on the ALJ to develop the record.

We agree with the magistrate judge that even assuming Dr. Lanthorn's report presents an accurate reflection of Rose's mental condition from 1988 to 1992, there is substantial evidence in the record to support the ALJ's rejection of the report. First, because Dr. Lanthorn served only as a consultative examiner, the ALJ was not required to accord Dr. Lanthorn's report the weight accorded a report prepared by a treating physician. Furthermore, the ALJ's conclusion that Dr. Lanthorn's assessment of Rose's mental condition was not supported by his own narrative report was permissible. The ALJ was entitled to conclude that the one-time consultation with Dr. Lanthorn did not substantiate his opinion that Rose suffered from decreased energy, feelings of guilt or worthlessness, and repeated episodes of deterioration in work-like settings. Additionally, Rose's own statements of her daily activities such as going to church, socializing with friends and family, and shopping, contradict Lanthorn's opinions that Rose had difficulty maintaining social relations. Our review of the record reflects that the ALJ considered all the relevant evidence and Rose fails to indicate what evidence the ALJ failed to seek. In light of the above, we find sufficient evidence to support the ALJ's rejection of the report.

Last, Rose claims that the ALJ did not adequately consider the effect of her bladder problem on her ability to work. Although the

4

record reflects that Rose has suffered bladder problems for years, we find sufficient evidence to support the ALJ's finding that this problem did not significantly interfere with her ability to perform past relevant work. The record is well-documented that her bladder problem consisted of irritations, bouts of infections, and occasional incontinence. There is, however, no evidence that the irritations significantly hampered her ability to perform her past relevant work, and the record makes clear that her infections were successfully treated with medication. Her problem with incontinence is not documented in the medical records until March 1994, well after expiration of her insured status. Furthermore, we accord deference to the ALJ's finding that Rose was not credible. See Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984).

Accordingly, we affirm the district court's decision. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5